UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joelle Pete, | Case No. 0:19-mc-00077-JRT-KMM |
| Movant, | |
| v. | **ORDER** |
| Big Picture Loans, LLC; Ascension Technologies, LLC; and Matt Martorello; | |
| Respondents. | |

This matter is before the Court on Joelle Pete's Motion to Quash a subpoena issued by the Respondents in connection with a matter pending in Eastern District of Virginia, which is captioned *Galloway et al. v. Big Picture Loans, LLC, et al.*, No. 3:18-cv-00406-REP (E.D. Va. June 11, 2018). In the alternative, Ms. Pete requests that the motion to quash be transferred to United States District Judge Robert E. Payne, who is presiding over the *Galloway* litigation and several other related cases. [Mot. to Quash, ECF No. 1; Movant's Mem., ECF No. 2.] Matt Martorello, a Defendant in *Galloway*, has opposed the motion to quash and the request for transfer. [Opp'n to Mot., ECF No. 10.] The Court held a hearing on the motion on November 20, 2019. From the bench, the Court ordered that the motion to quash be transferred to Judge Payne in the Eastern District of Virginia and explained its reasoning. [Mins., ECF No. 14.] This Order memorializes the Court's bench ruling.

Federal Rule of Civil Procedure 45 provides that a recipient of a subpoena may move "the court for the district where compliance is required" to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A). The court where compliance is required may transfer a motion to quash to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Without consent, the 'proponent of transfer bears the burden of showing that [exceptional] circumstances are present.'" *Mueting, Raasch & Gebhart, P.A. v. PPG Indus., Inc.*, 2018 WL 3971945, at *1 (D. Minn. Aug. 20, 2018) (quoting Fed. R. Civ. P. 45, advisory committee notes to 2013 amendments). "[T]ransfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45, advisory committee notes to 2013 amendments.

What constitutes "exceptional circumstances" is not defined in Rule 45, but the advisory notes suggest that transfer is proper "when the court has already ruled on issues presented by the motion or the same issues are likely to arise in many districts." *Id.* Courts considering whether to exercise discretion to transfer a motion to quash based on either consent or exceptional circumstances consider a number of factors, including: "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Wei Wang v. Shen Jianming*, No. 219CV274FTM38UAM, 2019 WL 2270949, at *3 (M.D. Fla. May 10, 2019) (finding transfer appropriate based on consent of person subject to subpoena and observing that exceptional-circumstances factors governing transfer discussed in *The Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016), supported transfer as well).

As explained on the record at the hearing, the Court finds that transfer of Ms. Pete's motion to quash is appropriate because: (1) she has consented to transfer; and (2) even if she had not, this case involves exceptional circumstances justifying transfer. The following realities support the Court's exercise of its discretion to transfer based on Ms. Pete's consent and a finding of exceptional circumstances. The underlying *Galloway* litigation is uniquely complex, with several directly and closely related cases being managed by Judge Payne and in *Galloway*, Judge Payne has pending before him the plaintiffs' motion for a protective order aimed at precisely the same subpoena that Ms. Pete challenges here, which creates a significant risk of inconsistent decisions if both courts were to address the issue. Indeed, Judge Payne has welcomed the transfer of subpoena-related motions from other districts, ten such transfers have already occurred, and no one appearing before this Court has pointed to a decision where a judge has declined to transfer a subpoena-related motion to Judge Payne. The Court also finds that Ms. Pete's interests will be served by transfer. She is very likely to have to travel to Virginia in connection with this case for an evidentiary hearing and transfer may mean that any response to the subpoena could be coordinated with her obligations in the related cases. She will also receive the "judicial guidance" her counsel advised the Court she desires. Moreover, the motion to quash raises questions regarding the status of the *Galloway* case (*i.e.*, whether the proceedings are, in fact, stayed or whether discovery may move forward) that Judge Payne is in a far better position to answer.

3

Accordingly, **IT IS HEREBY ORDERED THAT** Joelle Pete's Motion to Quash the subpoena issued by the *Galloway* defendants is **TRANSFERRED** to Judge Payne in the Eastern District of Virginia.

Date: November 22, 2019

     *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge